# EXHIBIT A



# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Sep 24, 2025
**Server Name:** Jimmy Lizama

| Entity Served | TESLA, INC. |
|---|---|
| Case Number | 30-2025-01512406-CU-BC-NJC |
| Jurisdiction | CA |

| Inserts |
|---|
|  |



Case 8:25-cv-02419    Document 1-1    Filed 10/24/25    Page 3 of 18    Page ID #:10
Electronically Filed by Superior Court of California, County of Orange, 09/17/2025 06:25:46 PM.
30-2025-01512406-CU-BC-NJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By J. Garay, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Tesla, Inc., a Texas Corporation, and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CAROLYN WRIGHT, an individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: *(El nombre y dirección de la corte es):*
1275 N Berkeley Ave
Fullerton, CA 92832
North Justice Center

CASE NUMBER: *(Número del Caso):*
Assigned for All Purposes 30-2025-01512406-CU-BC-NJC
Judge Donald F. Gaffney

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michelle Yang, Esq. (SBN 325467)    Hrag A. Alexanian Esq. (SBN 333430)  6420 Wilshire Blvd., Suite 1400, Los Angeles, CA 90048    (310) 758-1283

| DATE: 09/17/2025 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by (Secretario) | J. Garay | , Deputy (Adjunto) |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Tesla, Inc., a Texas Corporation
   under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Case 8:25-cv-02419    Document 1-1    Filed 10/24/25    Page 4 of 18    Page ID #:11
Electronically Filed by Superior Court of California, County of Orange, 09/17/2025 05:25:46 PM.
30-2025-01512406-CU-BC-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By J. Garay, Deputy Clerk.

**PRESTIGE LEGAL SOLUTIONS, P.C.**
Michelle Yang, Esq. (SBN 325467)
Hrag A. Alexanian Esq. (SBN 333430)
6420 Wilshire Blvd., Suite 1400
Los Angeles, CA 90048
Telephone: (310) 758-1283
Fax: (310) 933-5821
Electronic Service: eservice@plsfirm.com

Attorneys for Plaintiff,
**CAROLYN WRIGHT**

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| CAROLYN WRIGHT, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> Tesla, Inc., a Texas Corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 30-2025-01512406-CU-BC-NJC <br> Assigned for All Purposes <br> Hon. Judge Donald F. Gaffney <br> Dept.: <br><br> **COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS** <br><br> JURY TRIAL DEMANDED |

**COMPLAINT; JURY TRIAL DEMANDED**

Plaintiff Carolyn Wright ("Plaintiff") alleges as follows:

## PARTIES

1. As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff Carolyn Wright.

2. Plaintiff is, and at all times relevant herein was, a resident of Azusa, California.

3. As used in this Complaint, the word "Defendant" shall refer to Defendant Tesla, Inc.

4. Defendant Tesla, Inc., is and at all times relevant herein was, a corporation organized under the laws of the State of Texas and registered to conduct business in California. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, assembling, producing, constructing, marketing, distributing, and/or selling consumer goods, including but not limited to motor vehicles and motor vehicle components.

5. Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names "DOES 1 to 10". These Defendants are sued pursuant to Code of Civil Procedure section 474. When Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiff will amend this Complaint to state their true names and capacities.

6. Plaintiff hereby revokes acceptance of their 2020 Tesla Model X, VIN 5YJXCDE2XLF298831 ("Subject Vehicle").

7. Plaintiff hereby demands a jury trial on all causes of action asserted herein.

## FIRST CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT
## VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT
## (15 U.S.C § 2301-2312)

8. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

9. Defendants are "suppliers" and "warrantors" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

10. The Subject Vehicle is a "consumer product" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

11. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

12. Defendants implied warranty is an "implied warranty" within the meaning of 15 U.S.C. § 2301(7).

13. Defendants express warranty is a "written warranty" within the meaning of 15 U.S.C. §2301(6).

14. Defendants breached the implied warranty and the express warranty by virtue of the above-described acts.

15. Defendants' breach of the implied warranty and express warranty deprived Plaintiff of the benefits of her bargain.

16. Privity is not required here because Plaintiff is the intended third-party beneficiary of contracts between Defendants and its dealers, included the dealer from which Plaintiff purchased the Subject Vehicle and specifically, of Defendants' implied warranties.

17. Defendants were given a reasonable opportunity to cure their breach of warranty and have refused to provide a remedy.

18. Plaintiff, individually seeks all damages permitted by law, in an amount to be proven at trial, including attorneys' fees and costs incurred in pursuing the action, pursuant to the one-way fee shifting statue that is part of Magnusson-Moss.

## SECOND CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT
## VIOLATION OF CALIFORNIA UNIFORM COMMERCIAL CODE

19. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

20. At the time the Subject Vehicle was sold to Plaintiff, it contained multiple manufacturer defects, defects in assembly, defects in design, and other defects which rendered

2
COMPLAINT; JURY TRIAL DEMANDED

the Subject Vehicle unsafe for use and making it impossible for Plaintiff to use the Subject Vehicle without substantial inconvenience and mechanical failure.

21. Commercial Code § 1203 proscribes the duty of parties to deal with each other in good faith. This parallels the Lemon Law concept regarding charging a civil penalty for willfully refusing to act in good faith.

22. Commercial Code § 2602 covers the manner and effect of rejecting goods. Here, Plaintiff has properly rejected the Subject Vehicle.

23. Commercial Code § 2607 relates to establishing a supplier breach subsequent to the acceptance of goods. At the time Plaintiff purchased the Subject Vehicle, Plaintiff believed the Subject Vehicle conformed to factory specifications, but subsequently learned the Subject Vehicle did not conform. Consequently, Defendants breached its warranty contract with Plaintiff.

24. When Plaintiff purchased the Subject Vehicle from Defendants, Plaintiff did so based upon the mutual understanding with Defendants that the Subject Vehicle conformed to factory specifications.

25. Plaintiff subsequently learned that the Subject Vehicle did not conform. Specifically, the Subject Vehicle suffered and continues to suffer from significant defects and non-conformities during the implied and express warranty periods. Defendants violated their obligations to repair the Subject Vehicle to conform to factory specifications, per statutory obligations, in violation of California Commercial Code §§2313-2315. Consequently, Defendants breached its agreement with Plaintiff.

26. As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff purchased a virtually useless vehicle due to the frequency of breakdowns, the safety hazards associated with using the Subject Vehicle, and the amount of time the Subject Vehicle was out of service due to repair attempts made by Defendants.

27. Commercial Code § 2608 covers revocation of acceptance. Plaintiff hereby revokes acceptance of the Subject Vehicle because it does not conform to warranty specifications.

**COMPLAINT; JURY TRIAL DEMANDED**

28. When Plaintiff entered into the purchase and took delivery of the Subject Vehicle, Defendants represented that said Subject Vehicle was of merchantable and good quality.

29. Under the terms of the purchase agreement, Plaintiff paid good and valuable consideration.

30. Subsequent to taking possession of the Subject Vehicle, Plaintiff learned that the Subject Vehicle was not in good and merchantable condition.

31. Plaintiff will suffer substantial harm and injury under if the purchase agreement is not rescinded since Plaintiff will be deprived of the benefit of the bargain in that the Subject Vehicle is significantly inferior to the vehicle Plaintiff bargained and paid for.

32. Plaintiff intends for the service of summons and complaint to serve as further notice of rescission of the purchase agreement and hereby demands Defendants restore to Plaintiff's consideration furnished pursuant to the purchase agreement.

33. Plaintiff further demands that Defendants reimburse the consequential damages incurred as a result of Plaintiff's purchase/lease of the Subject Vehicle.

34. As a result of entering into the purchase agreement with Defendants, Plaintiff incurred expenses in addition to those alleged above.

35. Further, as a direct and proximate result of Defendants' breach alleged herein, Plaintiff suffered incidental and consequential damages in an amount to be proved at trial.

## PRAYER

Wherefore, Plaintiff prays for judgment against Defendant as follows:

a. For Plaintiff's actual damages in an amount according to proof;
b. For restitution;
c. For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c);
d. For any consequential and incidental damages in an amount according to proof;
e. For remedies authorized by California Commercial Code sections 2711, 2712, and/or 2713;

f.  For costs and expenses of the suit, and for Plaintiff's reasonable attorneys' fees, pursuant to Civil Code section 1794(d);

g.  For prejudgment interest at the legal rate; and

h.  For such other equitable or legal relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

## DEMAND TO CEASE ALL DIRECT COMMUNICATION WITH PLAINTIFF

Pursuant to California Rules of Professional Conduct, Rule 2-100 and Rule 4.2(a) Tesla, Inc., its employees, representatives, or agents must cease all direct communications with Plaintiff Carolyn Wright concerning this matter. All future correspondence or inquiries must be addressed to this firm's dedicated e-service email address (eservice@plsfirm.com).

Please be further advised that any such communications with Plaintiff Carolyn Wright in violation of California Rules of Professional Conduct, Rule 2-100 and/or Rule 4.2(a) will result in a filing of a formal complaint with the State Bar of California.

Dated: September 17, 2025            PRESTIGE LEGAL SOLUTIONS, P.C.

                                     BY: _____
                                     Michelle Yang, Esq.
                                     Hrag A. Alexanian Esq.
                                     Attorneys for Plaintiff,
                                     **CAROLYN WRIGHT**

Case 8:25-cv-02419 Document 1-1 Filed 10/24/25 Page 10 of 12 Page ID #:17
Electronically Filed by Superior Court of California, County of Orange, 09/17/2025 03:25 PM.
30-2025-01512406-CU-BC-NJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By J. Garay, Deputy Clerk.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> Michelle Yang, Esq. (SBN 325467)  Hrag A. Alexanian Esq. (SBN 333430) <br> Prestige Legal Solutions P.C. <br> 6420 Wilshire Blvd., Suite 1400, Los Angeles, CA 90048 <br> TELEPHONE NO.: (310) 758-1283  FAX NO.: (310) 933-5821 <br> EMAIL ADDRESS: eservice@plsfirm.com <br> ATTORNEY FOR *(Name):* Carolyn Wright | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 1275 N Berkeley Ave
MAILING ADDRESS: Fullerton, CA 92832
CITY AND ZIP CODE: North Justice Center
BRANCH NAME:

CASE NAME: Carolyn Wright v. TESLA MOTORS, INC.

| CIVIL CASE COVER SHEET <br> ✓ Unlimited  ☐ Limited <br> (Amount demanded exceeds $35,000)  (Amount demanded is $35,000 or less) | Complex Case Designation <br> ☐ Counter  ☐ Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: 30-2025-01512406-CU-BC-NJC <br> JUDGE: Assigned for All Purposes <br> DEPT.: Judge Donald F. Gaffney |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
✓ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 17, 2025

Michelle Yang, Esq.
(TYPE OR PRINT NAME)  ▶ /s/ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

---

CM-010 [Rev. January 1, 2024]                              **CIVIL CASE COVER SHEET**                              Page 2 of 2

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 1275 N. Berkeley Ave<br>MAILING ADDRESS: 1275 N. Berkeley Ave<br>CITY AND ZIP CODE: Fullerton 92838<br>BRANCH NAME: North Justice Center | **FOR COURT USE ONLY**<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br><br>Sep 22, 2025<br><br>Clerk of the Court<br>By: J. Garay, Deputy |
| PLAINTIFF: Carolyn Wright | |
| DEFENDANT: Tesla, Inc. | |
| Short Title: WRIGHT VS. TESLA, INC. | |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2025-01512406-CU-BC-NJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>02/24/2026</u> at <u>09:00:00 AM</u> in Department <u>N16</u> of this court, located at <u>North Justice Center</u>.

Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Bản phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court, By: _____, Deputy

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>North Justice Center<br>1275 N. Berkeley Ave<br>Fullerton  92838 | |
|---|---|
| SHORT TITLE: WRIGHT VS. TESLA, INC. | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:**<br>30-2025-01512406-CU-BC-NJC |

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Fullerton</u>, <u>California</u>, on <u>09/22/2025</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>09/23/2025</u>.

Clerk of the Court, by: _____, Deputy

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BOULEVARD # 1400
LOS ANGELES, CA 90048

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

L1200 Rev. Dec. 2019                                                                 Page 1 of 4

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name)*:              Bar No: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** <br> JUSTICE CENTER: <br> ☑ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045 <br> ☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512 <br> ☐ Costa Mesa - 3390 Harbor Blvd., Costa Mesa, CA 92626-1554 <br> ☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251 <br> ☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595 <br> ☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 <br> ☐ West – 8141 13th Street, Westminster, CA 92683-0500 | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s),_____

_____

and Defendant(s)/Respondent(s),_____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
  ☐ Under section 1141.11 of the Code of Civil Procedure (Judicial Arbitration)
  ☐ Under section 1280 of the Code of Civil Procedure (Contractual Arbitration)

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ An approved fee waiver (FW-003) is attached to this Stipulation, and the selected ADR Neutral(s) are eligible to provide pro bono services.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____   _____   _____
                        (SIGNATURE OF PLAINTIFF OR ATTORNEY)   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____   _____   _____
                        (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                California Rules of Court, rule 3.221
L1270 (Rev, May 2023)